ROWELL (HANSON v.). See Case No. 6,043.

ROWELL (KANSAS VAL. NAT. BANK v.). See Case No. 7,611.

ROWLAND, Ex parte. See Case No. 9,675.

## Case No. 12,096.

### In re ROWLAND.

### Ex parte BOOZE.

[2 Hughes, 210.] [1]

Circuit Court, E. D. Virginia. Nov., 1875.

BANKRUPTCY—LIENS—FORMER PROCEEDINGS SET ASIDE—REVIEW.

The real estate of a debtor was covered by judgment liens for more than its value. Subject to them, the debtor had also executed a deed of trust to secure additional debts more than four months before his adjudication as a bankrupt. A suit was pending before his bankruptcy to subject his real estate to the judgments. Nevertheless, in the progress of the bankruptcy proceeding, the assignees filed a petition praying for an injunction to stay all further proceedings in the suit of creditors, and for authority to sell the real estate of the bankrupt free of all liens and incumbrances, giving no notice to lien creditors. The injunction was granted and an order of sale entered on the same day on which the petition was filed; sale was afterwards made; the purchaser under it paid the purchase-money; possession of the land was given to the purchaser, who received a deed from the assignee. Subsequently, on a petition filed on behalf of the lien creditors, and after a change of the judges of the district court, an order was made by that court by which all the orders and proceedings on this subject were set aside and annulled, the injunction dissolved, and leave given to proceed in the suit in the state court to enforce the liens. On appeal to the supervisory jurisdiction of the circuit court complaining of this last order, held, that there was no error in the order complained of, that the same be confirmed, and that the appeal be dismissed.

[Appeal from the district court of the United States for the Eastern district of Virginia.] In bankruptcy.

BOND, Circuit Judge. The papers in this case show that William P. Rowland filed his petition in bankruptcy on the 19th day of October, 1870, and was thereupon adjudicated a bankrupt. That he surrendered in his schedule of property a tract of land containing one hundred and eighty acres, incumbered by the lien of judgments to an amount greatly larger than the value of said land. That Thomas E. Cobb, who had been appointed assignee of said bankrupt, filed his petition in the district court on the sixth day of October, 1871, asking the court to direct a sale of the said land free of incumbrances, and it appears from the record that the said court by an order, dated one day prior to the filing of the assignee's petition, and without any notice whatever to the lien creditors, directed the sale so to be made, and appointed Green James, Esq., special commissioner to take account of liens. This commissioner, without notice to lien creditors, on the 15th of October, 1872, reported that he

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

found judgment liens in Botetourt county court, amounting to $7777.94 (more than twice the value of the property), and a deed of trust from the bankrupt to one George W. Staples, assigning the said tract of land to him for the benefit of the creditors named in the deed. On the 29th day of October, 1871, before any report of sale on the part of the assignee, one Isaac Young, being a judgment creditor, filed his objections to the sale, of which objections the record does not disclose that the court took any notice whatever; for on the day they were filed it allowed the bankrupt an exemption of $500, and on the 11th day of October, 1878, there still being no report of sale from the assignee, the court allowed the bankrupt, upon his ex parte petition, he having gone to Texas and being a citizen of that state, $2000 more by way of exemption out of the credit payments for the land sold, and this though Young's objections to any sale were still pending and undetermined, and though the special commissioner, Green James, had reported one year before that there were subsisting liens on the property of more than $7000, and that the bankrupt had made a deed of the same property before his bankruptcy to Staples, and though the court itself, on the 10th day of October, just the day before granting this exemption, being ignorant of the fact whether there had been any sale or not, laid a rule upon the assignee to make a report of his proceedings under the decree or order of October 5th, 1871, directing him to sell. The district court, upon the petition of certain lien creditors, by its decree of June 27th, 1874, set aside the whole proceedings under the order of October 5th, 1871, directing the sale, and vacated all the orders allowing homestead exemptions, and upon consideration of the petition of Henry Booze, the alleged purchaser of the land at the assignee's sale under the order of October 5th, 1871, to reconsider said decree, the said court made its decree of October 29th, 1874, confirming the same; whereupon the said Henry Booze filed his petition in the circuit court for the benefit of its supervisory jurisdiction.

The only fact before this court which was not known to the district court, is that now there is a report of sale made by Cobb, assignee, among the papers, which report is filed as of November 28th, 1874, though it is alleged to have been made before that date. So far as the creditors of this bankrupt are concerned, a case of greater injustice cannot be found in the records of any court in a civilized community. It is such proceedings which serve to bring the bankrupt law [of 1867 (14 Stat. 517)], into disrepute, and to make that law, which was intended to be eminently speedy and just in the settlement and distribution of insolvent estates, odious to every one brought within the scope of its provisions. As between the creditors and the bankrupt the learned district judge now presiding in this district has been prompt to set aside the illegal orders made in the cause, and there

is no complaint of that action. The objection comes from the purchaser at the assignee's sale, who alleges that whatever may have been the irregularities in the proceedings he is not affected thereby, and that it is sufficient for him to show that he purchased at a sale directed to be made by the bankrupt court and that he has complied with the terms of sale. Every purchaser at a judicial sale is bound to satisfy himself that the court which makes the sale has jurisdiction to make it, and where, as in this instance, the assignee is directed to report the sale to the court, he is bound also to know that the court has learned of the action of its assignee and has ratified and approved of it before he pays the purchase-money. It is not a complete sale on the part of the court making it till it is so reported and ratified. It is open to any objection on the part of parties in the suit, and cannot be completed till those objections are overruled or withdrawn.

It is plain that the court in this case had no jurisdiction to sell. Two things must conjoin to give the bankrupt court this jurisdiction: jurisdiction over the subject-matter, and jurisdiction of the parties in interest. Whatever jurisdiction the court had over the land it had none over those interested in it, unless by its process it brought them before it. This was not the bankrupt's land exclusively. Numerous creditors had judgment liens upon it, and Staples was the assignee of all the bankrupt had in it after the payment of the judgment creditors. The court had no jurisdiction to sell it free of incumbrances without making these persons parties, for it will not be contended that a court of bankruptcy can make a decree which will divest a person of his interest in land unless he be a party to the proceeding. Neither the judgment creditors nor the trustee, Staples, were parties to these proceedings, for they had never proved their debts, nor did special commissioner, Green James, when taking account of liens give them notice of his proceedings, for it is manifest from his report that he contented himself with merely copying the records of Botetourt county court. The sale was made on a mere ex parte petition by the assignee, and the decree directing it is altogether void as to the lien creditors and the trustee, Staples, and all other persons not party to the proceedings. But the district court by the decree under consideration has not only set aside the order of sale so far as it affected these judgment creditors, but it sets aside any sale which the assignee has made and revokes the order of sale altogether. It must be remembered that when the district court did this, there was not in the record any report of sale made by the assignee whatever. Since the action of the district court, and on the 28th of October, 1874, there appears such a report filed in the record, which it is claimed was made to the court on November 28th, 1871, and it is asked that it may be filed nunc pro tunc. But if this be allowed, the report of sales is open to the ob-

jections of Isaac Young, already filed on the 29th of November, 1871, which are fatal objections to the confirmation of the sale, and even were this not so, if the court were to allow the report to be filed now it would be obliged without great injustice to allow parties in interest time to file their objections to it, and it would only be necessary to state what the record before us shows to set the sale aside immediately. But the assignee cannot be allowed to file his report as of the 28th November, 1871, because it appears from the record, he had not filed it so late as October 10th, 1873, for the district court then lays a rule on him to make a report, in contempt of which he stood until the 28th of October, 1874.

This court is of opinion that there is no error or injustice in the decree of the district court complained of, and that the same ought to be, and it is hereby, confirmed, and the petition dismissed, with costs.